UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO LAZARO RODRIGUEZ,

    Petitioner,

                         Case No. 8:15-CV-778-T-23TGW
                                8:11-CR-333-T-23TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Judgment and Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-310), and the United States' response in opposition (Cv-D-6).

By way of background, on June 23, 2011, Petitioner and others were named in an Indictment. Petitioner was charged with conspiracy to possess with the intent to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine (Count One), which carried a mandatory minimum sentence of 10 years imprisonment, and conspiracy to commit money laundering (Count Three). (Cr-D-1.) Attorney Mark Rodriguez was appointed to represent Petitioner. According to a Joint Status Report filed October 13, 2011, Petitioner intended to proceed to trial. (Cr-D-99, p. 2, ¶ 2.)

On October 27, 2011, Petitioner was charged in a Superseding Indictment which renumbered Count Three to Count Two and additionally charged Petitioner with travel in interstate commerce

to distribute proceeds from a federal controlled substance (Count Four) and using and maintaining a place for the purposes of distributing and using methamphetamine (Count Seven). According to minutes of the arraignment on November 10, 2011, the Government provided Petitioner with a draft of the notice of sentencing enhancement that it intended to file the following week. (Cr-D-145.) According to the audio recording of the hearing, the parties advised Magistrate Judge Wilson that if Petitioner agreed to plea guilty prior to the Government filing the enhancement, no enhancement would be filed. On November 29, 2011, the Government filed its Information to Establish Prior Convictions providing notice to Petitioner that he had two prior drug convictions and, as such, he was subject to a mandatory minimum life imprisonment as to Count One. (Cr-D-157.)

Petitioner and co-defendant Floyd proceeded to trial on January 23, 2012.[1] On January 30, 2012, the jury found Petitioner guilty of Counts One, Two, Four, and Seven of the Superseding Indictment. On April 18, 2012, the Court sentenced Petitioner to a term of life imprisonment as to Count One and a concurrent term imprisonment of 240 months as to Counts Two, Four, and Seven.

Petitioner appealed. On March 12, 2014, the Eleventh Circuit affirmed Petitioner's convictions but vacated his sentence and

---

[1] The five remaining co-defendants pled guilty pursuant to written plea agreements prior to trial.

remanded the case for resentencing. The Eleventh Circuit found that this Court erred in imposing a mandatory minimum life sentence as to Count One because one of the two prior convictions relied upon to enhance Petitioner's sentence was not final at the time the conspiracy in Petitioner's case was alleged to have ended. As Petitioner had only one final prior conviction, the correct mandatory minimum sentence was 20 years rather than life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). On June 24, 2014, the Court resentenced Petitioner to a term of imprisonment of 240 months as to all Counts.

Petitioner, who is represented by counsel, timely filed his § 2255 motion asserting that attorney Rodriguez rendered ineffective assistance of counsel in failing to recognize during plea negotiations that Petitioner was not subject to a mandatory life sentencing. Petitioner concedes that attorney Rodriguez obtained a plea offer from the Govenrment of 10 years conditioned upon Petitioner providing substantial assistance to the Government, but that Petitioner rejected the offer because he did not wish to cooperate. Petitioner contends that his attorney's failure to recognize his "true sentencing exposure adversely affected his ability to effectively negotiate a plea agreement with the government...." (Cv-D-2, p.3.) He argues it weakened his plea negotiation power relative to that of the government.

Petitioner states as follows:

> Mr. Rodriguez acknowledges that prior to trial, the government extended a plea offer of ten (10) years imprisonment to him, contingent upon his providing substantial assistance to the government, and that he rejected that offer, and proceeded to trial. However, Mr. Rodriguez did so because he was unwilling to provide substantial assistance to the government. In light of the fact that the parties were negotiating under the mistaken belief that Mr. Rodriguez was facing a mandatory minimum life sentence if he proceeded to trial, the government had no reason to come off its offer. However, had the parties been operating with a correct understanding of Mr. Rodriguez's sentencing exposure, it is more than reasonable to conclude that the government would have come off of the requirement of substantial assistance and offered Mr. Rodriguez the same, or a similar offer without such a provision.

(Id. at p. 5.) Petitioner argues that "[h]ad trial counsel negotiated from the standpoint of Mr. Rodriguez being subject to only a twenty (20) year mandatory minimum sentence, as he truly was, and Mr. Rodriguez had been able to obtain a plea offer of ten (10) years imprisonment, or something similar, without a substantial assistance provision, Mr. Rodriguez would have accepted the plea offer and would not have gone to trial." (Cv-D-1, p. 19.) Petitioner seeks a Court order vacating his judgment and sentence and directing the Government to resume good faith plea negotiations with Petitioner. The Government responds that Petitioner fails to show either ineffective assistance or prejudice as a result of his attorney's performance. The Government agrees that it offered a plea agreement to Petitioner which, had Petitioner accepted the agreement, could have resulted in a sentence below the original 10-year mandatory minimum. That agreement, however, included the

4

following cooperation provision:

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matter, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require....

(Cv-D-3, p. 4, ¶ 9.) The Government argues that Petitioner rejected the plea offer on October 14, 2011, before any sentence enhancement pursuant to 21 U.S.C. § 851 was filed. (See Cv-D-6-3, p. 5.) The Govenrment further argues that it is the Govenrment's policy to require cooperation in its plea agreements and points out that all of the co-defendants' who pled guilty pursuant to plea agreements had cooperation provisions. The Government continues that the cooperation condition would not have been removed regardless of whether the parties had known Petitioner was subject to an enhanced 20-year mandatory minimum rather than life imprisonment.

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom. Id. at 687.

The first prong of the Strickland test requires the Court to

5

determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment. Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

With regard to the prejudice prong, on a claim relating to an attorney's advice about pleading guilty, a petitioner must show "a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1503-04 & n. 7 (11th Cir. 1995). A reasonable probability is a "probability sufficient to undermine

confidence in the outcome." Strickland, 466 U.S. at 694. A petitioner must show a "substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (citation omitted). Petitioner must "affirmatively prove prejudice" to meet the second prong of an ineffective assistance of counsel claim. Strickland, 466 U.S. at 693.

If a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

The Court need not decide whether attorney Mark Rodriguez performed deficiently because Petitioner fails to show prejudice. Specifically, Petitioner cannot show that he would have accepted the plea agreement offered, which included a cooperation provision, because he specifically admits he was not willing to cooperate. Nor has Petitioner presented any evidence that, had the parties known Petitioner's enhanced mandatory minimum sentence was 20 years rather than life imprisonment, the Government would have offered a plea agreement without a cooperation provision. Mere speculation is

insufficient to entitle Petitioner to § 2255 relief. See United States v. Rondon, Nos. 8:06-cr-326-T-23TGW, 8:10-cv-2928-T-23TGW, 2015 WL 1242835, at *13 (M.D. Fla. March 18, 2015), appeal filed, No. 15-11578 (11th Cir. April 13, 2015); Vassar v. United States, Nos. 2:11-cv-156, 2:05-cr-75(3), 2014 WL 3534056, at *11-13 (E.D. Tenn. July 15, 2014).

In Rondon, the petitioner rejected a plea agreement because he refused to cooperate with the government. In his § 2255 motion, Rondon alleged that his counsel had a duty to seek a more favorable plea agreement and his failure to do so deprived the petitioner of the benefit of a three-level reduction for acceptance of responsibility. Id. The court explained that "Rondon has not alleged that he instructed trial counsel to negotiate a plea offer on his behalf and he presents no evidence showing that the Govenrment would have offered a second more favorable plea offer as a result of any further negotiation by trial counsel." Id. The court, in finding Rondon was not entitled to relief as to his claim. found that the petitioner failed to demonstrate prejudice because "he can only speculate that the govenrment would have been willing to engage in further negotiations...." Id.

Similarly, in Vassar, the petitioner alleged his attorney rendered ineffective assistance in failing to explore the possibility of a plea negotiation which would have lessened his sentencing exposure. 2014 WL 3534056, at *11. The court found that

the petitioner failed to show prejudice. The court explained that the petitioner admitted that he rejected a plea offer by the Govenrment because he did not want to cooperate and he had not shown that the government would have agreed to a plea agreement without a cooperation provision. Id. at *12. The court pointed out that three of the govenrment witnesses who had testified against the petitioner at trial did so because they had written plea agreement with cooperation provisions. The court concluded that there was no explanation "as to why the government would have excluded a cooperation provision from any proposed plea deal it offered to Vassar, contrary to the plea agreements extended to the defendants who testified against him." Id.

Similarly, each of Petitioner's five co-defendants who pled guilty had written plea agreements that included a cooperation provision. (Cr-D-46, 72, 94, 98, 137.) Co-defendant Thomas testified against Petitioner at trial and received a reduction in her sentence pursuant to Rule 35(b). (Cr-D-221, 231.) Co-defendant Perez also testified against Petitioner and received a reduced sentence pursuant to U.S.S.G. § 5K1.1 (Cr-D-225, 226, 227.) Co-defendant Nichols sentence of incarceration was reduced from 120 months to 87 months after his assistance to law enforcement resulted in multiple co-defendants pleading guilty in a related case. (Cr-D-292, 293.)

Again, Petitioner has not offered any evidence that the

9

Government, had it known during plea negotiations that Petitioner's enhanced mandatory minimum was 20 years, would have deviated from its policy of requiring a cooperation provision and offered Petitioner a plea agreement without such a provision, nor can the Court discern any reason why the Govenrment would have done so. Furthermore, absent Petitioner's cooperation and provision of substantial assistance, the Court would not have had any authority to sentence Petitioner to less than the unenhanced 10-years statutory mandatory minimum. See 18 U.S.C. 3353(e).

In light of the foregoing, Petitioner has failed to meet the prejudice prong of the Strickland test, and, as a result, the Court need not address the performance prong. Windom v. Sec'y of Dept. Of Corr., 578 F.3d 1227, 1248 (11th Cir. 2009), cert. denied, 130 S.Ct. 2367 (2010) ("Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim against the petitioner, there is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one.") The Court therefore finds Petitioner is not entitled to relief as to his claim.

It is therefore ORDERED that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Cv-D-1, CR-D-310) is DENIED.

2) The Clerk is directed to enter judgment in favor of the


Govenrment and CLOSE this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 14th day of July, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE